UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA UNDERWOOD; TROY UNDERWOOD,<br><br>                    Plaintiffs,<br><br>v.<br><br>ROADTREK, INC.; MERCEDES-BENZ USA, LLC; DOES 1 THROUGH 10,<br><br>                    Defendants. | Case No.:  3:26-cv-02162-AGS-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION**<br><br>**[ECF No. 8]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE"). ECF No. 8. Good cause appearing, the joint motion is **GRANTED**. Accordingly, the ENE is **RESET** to **June 9, 2026** at **2:00 p.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. In accordance with the Local Rules, the Court requires attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference. CivLR 16.1(c)(1).

Based upon the Court's familiarity with cases brought pursuant to the Song-Beverly Consumer Warranty Act (the "Act") relating to alleged defects in vehicles, and in the interest of promoting the just, efficient, and economical determination of this action, the

1

Court issues the following **Mandatory Procedures** to be followed in preparation for the ENE:

1. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

2. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the conference. *Id*. at 486.  Limited or sum certain authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

3. **Required Statement by Plaintiffs:** No later than **April 28, 2026**, Plaintiffs' counsel shall serve on opposing counsel a statement that sets forth the following information:

      a.    the date and location of the vehicle purchase;

      b.    an itemized list of all claimed defects in the vehicle at issue, including the date the defects were first discovered. Plaintiffs should attach any records in the Plaintiffs' possession, custody and control that reflect attempts to have the defects repaired;

      c.    the date and method (i.e., by phone, email, etc.) of any request by Plaintiffs to Defendants to repurchase the vehicle;

3:26-cv-02162-AGS-AHG

d.    the amount Plaintiffs demand for restitution related to the purchase price of the vehicle, including Plaintiffs' position as to the appropriate use offset; and

e.    the amount Plaintiffs demand in civil penalties under the Act and the grounds for seeking an award of civil penalties, including but not limited to documentation sufficient to demonstrate that Plaintiffs complied with the pre-suit requirements set forth in California Code of Civil Procedure Section 871.24 for seeking civil penalties.

4.    **Required Statement by Defendants:** No later than **May 19, 2026**, Defendants' counsel shall serve on opposing counsel a statement that sets forth the following information:

a.    warranty information for the vehicle, including claims submitted to or approved by Defendants concerning the vehicle;

b.    service records for the vehicle, including service performed under a warranty;

c.    any records regarding a request by Plaintiffs to repurchase the vehicle and Defendants' response thereto;

d.    any dispute regarding the amount Plaintiffs calculate to be due for restitution, including the appropriate use offset; and

e.    documentation of any response made by Defendants to any pre-suit request for repurchase or replacement by Plaintiffs pursuant to California Code of Civil Procedure Section 871.24.

5.    **Meet and Confer Requirement:** After service of Plaintiffs' statement and no later than **May 26, 2026**, counsel for the parties, and any unrepresented parties, **must meet and confer in person or by videoconference** to discuss settlement. Plaintiffs' counsel is responsible for making arrangements for the conference. **The meet and confer obligation cannot be satisfied by telephone or the exchange of letters**.

6.    **Joint ENE Statement Required:** No later than **June 2, 2026**, counsel for all parties shall lodge with Magistrate Judge Goddard's chambers a **joint statement no longer than two (2) pages**, certifying that the required in-person or video conference between

3:26-cv-02162-AGS-AHG

counsel took place, and setting forth the results and the issues remaining to be discussed at the ENE. The joint statement should attach the required statements by Plaintiffs and Defendants described above, and any attachments thereto. This joint statement should be lodged via email at efile_goddard@casd.uscourts.gov.

7. **Confidential ENE Statements Permitted:** The parties may also submit a confidential statement to the Court no later than **June 2, 2026**, of no more than five (5) pages, directly to the chambers of Magistrate Judge Goddard providing any additional confidential information in advance of the ENE conference. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov.  The ENE statement is limited to **five (5) pages or less. There is not a page limit on exhibits.**  The Court may use GenAI tools to review the information that the parties submit. Either party may object to the Court's use of such tools by advising the Court's law clerk of that objection when they submit the information. The Court will respect that objection without any further explanation, and the Court's law clerk will only communicate to Judge Goddard that there was an objection, not which party made the objection.

8. **Case Management Conference:** In the event the case does not settle at the ENE, the Court will schedule a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P 16(b). If either party believes it is necessary to engage in formal discovery prior to the deadline for the Rule 26(f) conference, that party must meet and confer with the opposing party and, if an agreement regarding formal discovery cannot be reached, the parties must submit a joint email to efile_goddard@casd.uscourts.gov advising the Court of the request for early discovery and setting forth three dates and times when the parties are available for a conference with the Court on that issue.

9. **Appearances via Videoconference Required:** All persons who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference

3:26-cv-02162-AGS-AHG

ENE, the Court hereby orders as follows:

a.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[1] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[2] There is a cost-free option for creating a Zoom account.

b.    Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

c.    Each participant should plan to join the Zoom video conference **at least**

---

[1] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[2]    For    help    getting    started    with    Zoom,    visit:    https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

3:26-cv-02162-AGS-AHG

**five minutes before** the start of the ENE to ensure that the conference begins promptly at 2:00 p.m.

d.    Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

e.    No later than **June 2, 2026**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

i.    The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

ii.    An **e-mail address for each participant** to receive the Zoom video conference invitation;

iii.    A **telephone number where each participant** may be reached; and

iv.    A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential

---

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

3:26-cv-02162-AGS-AHG

discussions.

f.   All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

g.   Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

10.   **New Parties Must be Notified by Plaintiffs or Plaintiffs' Counsel:** Plaintiffs' counsel must give notice of the ENE to any Defendants who have been served but who have not yet filed responsive pleadings as of the date of this Order. If any Defendants have not yet been served, Plaintiffs' counsel must serve them with a copy of this Order along with the summons and complaint.

11.   **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

12.   Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:  April 28, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

7